PEOPLE *ex rel.* CARTER, Supervisor, *et al. v.* WILLIAMS *et al.*, State Assessors.

*(Supreme Court, General Term, Fifth Department. October 21, 1892.)*

TAXATION—REMEDIES—CERTIORARI—WEIGHT OF EVIDENCE.

The determination of the state assessors as to the proper equalization for a cer-tain county must be confirmed by the court on *certiorari*, under Code Civil Proc. § 2140, subd. 5, unless on all the evidence there is such a preponderance against the facts found by the ˄ssessors that the verdict of a jury affirming the existence thereof would have been set aside.

Application on relation of William Carter, supervisor of the town of Avon, Livingston county, and others, for *certiorari* to review the determination of James L. Williams and others, state assessors, and others on an appeal taken by the town of Geneseo from equalizations made by the board of supervisors of Livingston county in 1891.   Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*E. A. Nash,* for plaintiffs.   *Strang & Doty* and *Hubbard & Coyne,* for defendants.

MACOMBER, J.   This cause came on for argument upon a return made by the state assessors to a writ of *certiorari* issued by the special term in Rochester on the 24th day of November, 1891.   The supervisors of the town of Geneseo brought an appeal to the state board of assessors from the equalization of the assessment and correction of the assessment rolls of the several towns of the county of Livingston as made by the board of supervisors in the year 1891.   The matter was heard by the state assessors in June, 1891.   Much evidence was taken before the state board upon such hearing, consisting of both oral and documentary evidence, all of which has been returned to this court.   The state assessors made a decision and determination by which they held that eight of the towns of the county of Livingston had, by the board of supervisors, been equalized too high, and among them was the town of Geneseo, which was said to have been $121,750 too high.   Seven towns of the county were held to have been assessed too low, while in two towns no finding upon the subject was made.

By reason of the unjust equalization of the town of Geneseo there has been paid into the county treasury by that town the sum of $690.81 more than its just proportion of the state and county taxes for the year 1890.   This sum was by the state board directed to be levied upon all of the towns of Livingston county except the town of Geneseo, together with the costs and disbursements of the appeal taken from the determination of the supervisors to the state board of assessors.   Under the evidence returned to us, there can be little doubt that the determination and decision of the state board of assessors was, in all respects, correct.   It appears that there were two classes of evidence adduced before the state board, and mainly relied upon by the parties to this controversy, namely, one known as the "Sales List," which is an abstract from the county clerk's records, where they purport to show the true consideration of transfers of real estate; and the other, the opinion of witnesses who, to a greater or less extent, were acquainted with the value of real estate throughout the county.   The evidence derived from the "sales list" was largely relied upon by the relator.   This evidence was competent only because it was made so by the board of assessors themselves, and is not common-law evidence.   *People* v. *McCarthy,* 102 N. Y. 630, 8 N. E. Rep. 85; *People* v. *State Assessors,* 47 Hun, 451.   But even by the "sales list" the equalization of the town of Geneseo was shown to be somewhere from $22,333 to $36,000 too high, while the common-law evidence—that is to say, the opinion of men acquainted with the value of real estate in Livingston county—shows that its equalization was too high in sums ranging from $300,000 downward.   Considering all of the testimony laid before them, the state assessors have reached a conclusion which seems to us to be warranted by the evidence.   The case, therefore, inasmuch as it presented to the board of state assessors only a question of fact, is not difficult of solution under the rule laid down for our guidance by statute.   By the Code of Civil Procedure (section 2140, subd. 5) we must confirm the determination, unless we are able to say that upon all of the evidence returned to us there was such a preponderance of proof against the existence of any facts found by the state board that the verdict of a jury affirming the existence thereof would be set aside by the court as being against the weight of evidence.   This we cannot do with a due re-

gard to the proofs. We think, therefore, that the judgment and determination of the board of state assessors should be affirmed.

The determination and judgment of the state assessors confirmed, with costs. All concur.